UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF DIAMOND SMITH,<br><br>*Plaintiff,*<br><br>v.<br><br>THE STATE OF NEW JERSEY,<br>et al.<br><br>*Defendants.* | Civil Action No.: 14-cv-6432 (PGS)<br><br>**MEMORANDUM<br>AND ORDER** |

This matter comes before the Court on a motion to dismiss brought by Defendant, Tajwar Aamir, due to an insufficient Affidavit of Merit (AOM) (ECF No. 81). On July 7, 2018, this Court converted the motion to dismiss to a motion for summary judgment. (ECF No. 94). *See Nuveen Mun. Tr. v. Withumsmith Brown, P.C.*, 692 F.3d 283, 303 n.13 (3d Cir. 2012). The Court permitted the parties to file additional briefing on the matter, and the Plaintiffs filed a motion for summary judgment (ECF No. 95). The Court has jurisdiction based on diversity of citizenship.

I.

Dr. Aamir is a board certified pediatrician who was practicing in her certified specialty, pediatric medicine, when the alleged abuse and neglect of decedent, Diamond Smith occurred. (Def.'s Statement of Undisputed Facts ("SUF") at 3, ECF No. 95-4). Prior to the decedent's death, Dr. Aamir attended to decedent on March 3, 2011 at the Lotus Clinic, a family practice center where Dr. Aamir was employed. (Def.'s Exhibit L, Diamond Smith Med. Record at 1, ECF No. 95-7; Def.'s SUF at 3). During the March 3, 2011 visit, Dr. Aamir recorded that the decedent had been suffering from a sore throat for seven days, and strep throat; and in addition Dr. Aamir prescribed antibiotics. (Diamond Smith Med. Record at 1). Although Dr. Aamir noted some type of rash when describing the decedent's

1

skin at the time, there was no indication of bruising, scarring, or any other markings associated with abuse. *Id.*

Decedent Diamond Smith later died on or about July 11, 2012 at the age of five. (Third Amended Complaint ("TAC"), ECF No. 69, at ¶ 3). She was reportedly not breathing the evening before she died, and was transported to the hospital for emergency medical attention, but she died at midnight. *Id.* at ¶ 8. Decedent was reportedly found with two "oozing" bruises across the entirety of one buttock, a bruised right eye and cheek, a circular burn on her right cheek reminiscent of a cigarette lighter, a "burn-like mark" on one of her feet, an unspecified number of nondescript "old" scars on her arms and legs, "prominent bruising" on her abdomen below the rib cage, a nondescript "bump" on her forehead, and evidence of malnutrition, including a distended belly and a body weight of 40 pounds. *Id.*

This lawsuit, brought by the administrator of the decedent's estate and the decedent's two minor siblings (collectively "Plaintiffs"), allege over twenty causes of action against numerous defendants, including the State of New Jersey's Division of Child Protection and Permanency ("DCPP"), the decedent's two biological parents, several named employees of DCPP, Lotus Clinic P.C., and several medical professionals, including Dr. Aamir. *Id.* at ¶¶ 3-6. The Complaint generally alleges a cause of action against Dr. Aamir for medical malpractice as a result of failing to adequately examine the decedent's body for signs of abuse, and failure to report suspected abuse to the Division of Child Protection as required by statute (N.J.S.A. 9:6-8.10).[1] *See Id.* at ¶¶ 12-13.

---

[1] "Any person having reasonable cause to believe that a child has been subjected to child abuse or acts of child abuse shall report the same immediately to the Division of Child Protection and Permanency by telephone or otherwise . . ." N.J. Stat. Ann. § 9:6-8.10. Since the statute imposes a broad duty on "any person", it is questionable whether malpractice must be shown, but that is how it is pled. *See Carter v. Estate of Lewis*, No. 08-1301, 2011 U.S. Dist. LEXIS 53456 (D.N.J. May 18, 2011).

Since the cause of action alleged is medical malpractice, another statute requires plaintiff to provide an AOM early in the litigation. N.J. Stat. Ann. §2A:53A-27. More specifically, the statute requires that in cases of medical malpractice against "a licensed person in his profession or occupation, [plaintiffs] shall . . . provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill, or knowledge exercised . . . fell outside acceptable professional or occupational standards or treatment practices." N.J. Stat. Ann. § 2A:53A-27. The AOM must be served within sixty days of the defendant's answer, though an additional sixty days may be granted by the court. *See* N.J. Stat. Ann. § 2A:53A-27.

On August 10, 2016, Plaintiffs filed an AOM signed by Dr. Jeffrey Rednor. More specifically, Dr. Rednor, a practitioner of family medicine since 1992, swore in his affidavit that there was reasonable probability that Dr. Aamir's treatment of the decedent fell below acceptable professional standards. *Id.*

Dr. Aamir moved for summary judgment arguing that the AOM against her was insufficient. (*See* ECF Nos. 81, 95). Dr. Aamir asserts that since she is a board certified pediatrician, Plaintiffs were required to submit an AOM from another certified pediatrician to satisfy the statutory requirements. *See* N.J. Stat. Ann. § 2A:53A-41. A family practitioner like Plaintiffs expert Dr. Rednor, she argues, lacks that expertise since Dr. Rednor is not a certified pediatrician.

II.

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The purpose of N.J. Stat. Ann. § 2A:53A-27 is to "weed out frivolous lawsuits early in the litigation while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court." *Hubbard v. Reed*, 774 A.2d 495, 500 (N.J. 2001). It was not intended "to create a minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims." *Mayfield v. Community Medical Associates*, 335 A.2d. 237, 244-45 (N.J. App. Div. 2000). Rather, it just "requires plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early state of litigation." *Cornblatt v. Baraw*, 708 A.2d 401, 412 (N.J. 1998) (quoting *In re Petition of Hall*, 688 A.2d 81 (N.J. 1997)). Generally, the statute recognizes that the person submitting an AOM must have the same qualifications as the Defendant physician. N.J. Stat. Ann. § 2A:53A-41. That provision reads in part:

> a. If the party against whom or on whose behalf the testimony is offered is a specialist or subspecialist. . . and the care or treatment at issue involves that specialty or subspecialty. . . , the person providing the testimony shall have specialized at the time of the occurrence that is the basis for the action in the same specialty or subspecialty.

The statute further recognizes that there are some circumstances where the same qualification standard is not applicable, and the statute provides a limited exception. That is:

> c. A court may waive the same specialty or subspecialty. . . upon motion by the party seeking a waiver, if, after the moving party has demonstrated to the satisfaction of the court that a goodfaith effort has been made to identify an expert in the same specialty or subspecialty, the court determines that the expert possesses sufficient training, experience and knowledge to provide the testimony as a result of active involvement in, or full-time teaching of, medicine in the applicable area of practice or a related field of medicine.

N.J. Stat. Ann. § 2A:53A-41(c). Failure to submit an AOM that meets the specialty requirement or the good faith exception requires dismissal. *See Cornblatt*, 708 A.2d at 412. As noted above, the

4

same specialty requirement may be waived in the discretion of the Court. *See* N.J. Stat. Ann. § 2A:53A-41(c).

Here, Dr. Aamir asserts that Dr. Rednor's practice in family medicine renders him unqualified to swear an AOM since she is a board certified pediatrician, and Rednor is not. (Def.'s Mot. for Summ. J., ECF No. 95-5, at 4). Moreover, Dr. Aamir argues that the time for Plaintiffs to submit a proper AOM has long passed, arguing that one was due December 2, 2017, 120 days after Dr. Aamir's answer to the Third Amended Complaint on August 4, 2017. *Id.* at 10.

Where a dispute arises over the qualifications of an expert and an AOM in a medical malpractice case, the trial court must follow a two-step inquiry: (1) is the defendant a board-certified specialist or a general practitioner; and (2) did the treatment forming the basis of the malpractice action actually involve the defendant's specialty. *See Nicholas v. Mynster*, 64 A.3d 536, 550 (N.J. 2013) (citing *Buck v. Henry*, 25 A.3d 240, 248 (N.J. 2011)); *Lomando v. United States*, 667 F. 3d 363, 385 n. 23 (3d Cir. 2011). Since Dr. Aamir was a board-certified pediatrician at the time of the alleged malpractice, the second inquiry arises.

According to case law, the specialty requirement of N.J. Stat. Ann. § 2A:53A-41 only arises when a defendant is exercising his or her specialty in the treatment of an individual, and that treatment gives rise to malpractice claims, "otherwise the [defendant specialist] is subject to the same AOM requirements as if he were a general practitioner." *Buck*, 25 A.3d at 248. That is, if the conduct falls outside of the specialty, then the AOM may be completed by "another general practitioner or from a physician experienced with the treatment performed." *Id.*

Dr. Aamir's pediatric specialty does not come into play when determining whether a physician should have observed bruising, scarring, and other markings of abuse. Plaintiff submitted two additional affidavits to support this contention. First, Dr. Rednor signed a supplementary affidavit

5

certifying that in his almost thirty years as a general practitioner in family medicine, he regularly attended to patients of all ages and regularly conducted physical examinations of all his patients and, as such, is knowledgeable in such procedures. (ECF No. 89-4). In addition, Dr. Jeffrey Bomze submitted an affidavit (ECF No. 105). Dr. Bomze, a board-certified pediatrician since 1991, certified that "whether [someone is] a family physician, internal medicine doctor, pediatrician, board certified or not, all physicians approach a general physical exam of a child in the same fashion." *Id.* at ¶ 7.[2] Based on Dr. Bomze's assertion, it is apparent that Dr. Rednor's AOM fits within the statute's good faith exception. For these reasons, Dr. Aamir's motion for summary judgment (ECF No. 95) is denied.

ORDER

IT IS on this 11th day of March, 2019;

ORDERED that Dr. Tajwar Aamir's motion for summary judgment (ECF No. 95) is denied; and it further

ORDERED that Dr. Tajwar Aamir's motion to dismiss (ECF No. 81) is denied as moot.

_____
PETER G. SHERIDAN, U.S.D.J.

---

[2] Though Dr. Bomze also certified that there was "a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work, with respect to the evaluations and treatment by [Dr. Aamir] fell outside acceptable professional standards of care," his affidavit is most helpful in determining that Dr. Rednor's original affidavit, filed within the time constraints set forth by statute, already had the necessary qualifications to satisfy the statute. (Bomze AOM at ¶ 6).